ANTHONY & JONES COMPANY, Respondent, *v.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Carriers — under the common law a common carrier is not bound to accept goods for carriage except on and to the terminus of its own line — railroad company not liable for damages for its refusal to switch loaded cars to another railroad.

1. While contracts, express or implied, or statutory regulations or authorized regulations of a public board or body may modify or make inapplicable the rule, a common carrier, under the common law, was not bound to accept goods for carriage beyond the terminus of its line or to carry except on its own lines.

2. The action is to recover the damages sustained by plaintiff through the refusal of defendant, a railroad corporation, to transfer cars from its track to the freight yard of another railroad. The defendant having received a car loaded with freight for plaintiff,

complying with the wishes of the plaintiff and in accordance with the custom between them, immediately placed the car upon a public team track in order that the plaintiff should unload it, which it did in part. The plaintiff then requested the switching of the car over and to a point upon the railroad of another company, in order that it might ship and bill it by that company, which defendant refused to do. *Held*, that at the time the request and offer of the plaintiff was made, the defendant had performed all the duties imposed upon it as a common carrier concerning the car and its contents under its contract of carriage. Hence, its refusal to switch the car as requested did not subject it to damages.

*Anthony & Jones Co.* v. *N. Y. C. & H. R. R. R. Co.*, 167 App. Div. 955, reversed.

(Argued February 5, 1918; decided February 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 18, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Warnick J. Kernan* for appellant.

*T. Harvey Ferris* for respondent. The defendant was in duty bound to transfer to the Delaware, Lackawanna and Western railroad yards car M. D. T. 11,023 within a reasonable time after it had received notice from the plaintiff to do so, and if any unreasonable and unnecessary delay occurred in the transfer of said car the defendant is liable for the immediate and proximate damage resulting from such neglect of duty. (*Zin* v. *New Jersey Steamboat Co.*, 49 N. Y. 442; *Ward* v. *N. Y. Central R. R. Co.*, 47 N. Y. 29.) The defendant in its refusal to transfer the car in question from its yards to the Delaware, Lackawanna and Western railroad as demanded by plaintiff, was guilty of a breach of its common-law duty. (*Fenner* v. *Buffalo, etc., Ry. Co.*, 44 N. Y. 505; *Crescent Coal Co.* v. *Louisville, etc., R. R.*

*Co.,* 143 Ky. 73; *Illinois Central R. R. Co.* v. *Mitchell,* 68 Ill. 471; *Herman* v. *Goodrich,* 21 Wis. 536; 94 Am. Dec. 562.)

COLLIN, J.   The action is to recover the damages sustained by plaintiff, a corporation, through the refusal of defendant, a railroad corporation, to transfer cars from its track to the freight yard of the Delaware, Lackawanna and Western Railroad Company at Utica, New York. The judgment consequent upon the verdict of the jury at Trial Term in favor of the plaintiff was unanimously affirmed by the Appellate Division.

The complaint alleges and the recovery of plaintiff was upon three similar causes of action.   The questions for our determination are correctly and adequately presented by the facts proven for the purpose of establishing one of them, as follows:  On September 24, 1909, a car containing three hundred crates of peaches, which had been forwarded from Barker, Niagara county, New York, over the railroad of defendant to the plaintiff as consignee at Utica, New York, reached Utica.   Evidence of the contents of the bill of lading or contract of shipment was not given.   The defendant, complying with the wishes of the plaintiff and in accordance with the custom between them, immediately placed the car upon a public team track in order that the plaintiff should unload it.   Thenceforth the plaintiff had free access to and from time to time took peaches from it.   On October 2, 1909, the plaintiff, offering to pay the charges, requested the defendant to switch it, containing the peaches not removed, to the railroad of the Delaware, Lackawanna and Western Railroad Company, about one-half of a mile from the public team track.   A track connected the freight yard of that company with the railroad of the defendant.   The plaintiff requested the switching of the car in order that it might ship and

bill it by that company over and to a point upon its railroad. The defendant had not a tariff covering the switching, and its freight agent stated that it would not move the car because of that fact. The plaintiff introduced evidence of damages sustained by the refusal of the defendant. The jury were instructed, in effect, that it was the duty of the defendant at common law to have switched the car upon the request and offer of the plaintiff. The defendant excepted. The respondent in its brief and argument here bases the liability of the defendant upon a breach of its common-law duty in refusing to switch the car.

The common law has not a rule which required the defendant to switch or transfer the car. A common carrier, under the common law, was not bound to accept goods for carriage beyond the terminus of its line or to carry except on its own line. (*Atchison, Topeka & Santa Fe R. R. Co.* v. *Denver & N. O. R. R. Co.,* 110 U. S. 667; *Central Stock Yards Co.* v. *Louisville & Nashville Ry. Co.,* 192 U. S. 568; *Louisville & Nashville R. R. Co.* v. *West Coast Naval Stores Co.,* 198 U. S. 483; *Grindle* v. *Eastern Express Co.,* 67 Me. 317; *Pittsburgh, Cincinnati & St. Louis R. Co.* v. *Morton,* 61 Ind. 539; *Post* v. *Railroad,* 103 Tenn. 184, 202; *Ireland* v. *Mobile & Ohio R. R. Co.,* 105 Ky. 400.) Contract, express or implied, or statutory regulations or authorized regulations of a public board or body may modify or make inapplicable the common-law rule. Under the facts here, the defendant did not violate its common-law duty and the exception of the defendant to that part of the charge to the jury we have referred to was valid.

At the time the request and offer of the plaintiff was made, the defendant had performed all the duties imposed upon it as a common carrier concerning the car and its contents under its contract of carriage. Those duties were to carry safely and with reasonable dispatch and

to deliver to the plaintiff, the consignee, at the destination, Utica, New York.  The facts here do not involve a lack of notice to the consignee of the arrival of the goods, or of diligence in finding or attempting to find the consignee, or a proper place of making the delivery. The placing of the car upon the public team track, in order that the plaintiff should unload it, concurred in and acted upon by the plaintiff, was a completed delivery and terminated the undertaking and obligation of the defendant as a common carrier.  (*Lewis* v. *New York, O. & W. Ry. Co.*, 210 N. Y. 429.)  Judicial decisions support strongly the conclusions: Thereafter the defendant was not even a warehouseman of the goods.  The plaintiff had assumed the actual possession and dominion of them even as though it had removed them from the car to its store or had left them in the car placed upon a spur track contiguous to and to be unloaded by removing them into its store.  The fact that a part of them remained in the car was a matter of convenience to the plaintiff and did not impose any relation or liability upon the defendant.  The goods had passed out of the custody and control of the defendant and into the actual custody and control of the consignee.  The duty of caring for, guarding and protecting the car and contents was the plaintiff's.  (*State* v. *Intoxicating Liquors*, 106 Me. 138; *Vaughn* v. *New York, N. H. & H. R. R. Co.*, 27 R. I. 235; *Goodwin* v. *Baltimore & Ohio R. R. Co.*, 50 N. Y. 154; *Whitney Manfg. Co.* v. *Richmond & D. R. R. Co.*, 38 S. C. 365; *Lewis* v. *Western Railroad Corporation*, 11 Metc. 509; *Anchor Mill Company* v. *Burlington, C. R. & N. Ry. Co.*, 102 Iowa, 262; *Rothchild Brothers* v. *Northern Pac. Ry. Co.*, 68 Wash. 527; *Kenny Co.* v. *Atlanta & W. P. R. R. Co.*, 122 Ga. 365; *Chicago, M. & St. P. Ry. Co.* v. *Kelm*, 121 Minn. 343.)  Our decision in the instant case does not exact a definition of the relation, if any, existing between the parties after the delivery of the

goods. Nothing remained thereafter to be done by the defendant in completion of its contract to safely carry and deliver the goods to the consignee at the point of their destination and its duty and liability as carrier had ceased. The plaintiff was bound to unload the car within such time as would enable it, having its place of business at Utica, in the usual hours of business with the ordinary instrumentalities. If the defendant became a warehouseman or a gratuitous depositary of the goods, it as such was not under the duty to switch the car and its contents as requested by the plaintiff. The request was not a tender of the goods to the defendant at a station for shipment and transportation to a station on the railroad of itself or another carrier. It was a request to carry to a carrier for shipment, billing and transportation by that carrier. It was a demand that the defendant carry defendant's car and the goods of plaintiff to the track of the Lackawanna Company in order that the plaintiff might ship and forward the car and goods by that company. While it is true that a railroad company in the prosecution of its business as a common carrier is not permitted to cast aside its character and transmute itself by contract into an ordinary bailee, it is equally true that a consignee cannot by a mere request to change, for any purpose, the location of delivered goods re-constitute the delivering company a common carrier as to those goods. (*New York Central & H. R. R. R. Co. v. General Electric Co.*, 219 N. Y. 227.) The consignee was entitled to but one delivery. The defendant here might, as a private carrier or ordinary bailee with or without hire, have switched the car, but it was not bound so to do. Its refusal did not subject it to damages. (*Central Stock Yards Co. v. Louisville & Nashville R. Co.*, 192 U. S. 568; *Seaboard Air Line Ry. v. Dixon*, 140 Ga. 804; *Melbourne & Troy v. Louisville & Nashville R. R. Co.*, 88 Ala. 443.)

Two of the three causes of action are based upon the refusal of the defendant to switch cars. Unreasonable delay in switching is the foundation of another cause. The erroneous charge to the jury applied to each cause.

The judgment should be reversed and a new trial granted, costs to abide the event.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.